15-120
United Veterans Memorial and Patriotic Association v. City of New Rochelle

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of September, two thousand fifteen.

Present:     GUIDO CALABRESI,
             CHESTER J. STRAUB,
             ROSEMARY S. POOLER,
                     *Circuit Judges.*
_____

UNITED VETERANS MEMORIAL AND PATRIOTIC ASSOCIATION
OF THE CITY OF NEW ROCHELLE, PETER PARENTE,

                        *Plaintiffs-Appellants,*

                v.                                                  15-120-cv

CITY OF NEW ROCHELLE, NOAM BRAMSON, individually and in his official capacity as Mayor of the City of New Rochelle, BARRY R. FERTEL, individually and in his official capacity as City Council Member of the City of New Rochelle, IVAR HYDEN, individually and in his official capacity as City Council Member of the City of New Rochelle, SHARI B. RACKMAN, individually and in her official capacity as City Council Member of the City of New Rochelle, JARED R. RICE, individually and in his official capacity as City Council Member of the City of New Rochelle, CHARLES B. STROME, III, individually and in his official capacity as City Manager of the City of New Rochelle,

                        *Defendants-Appellees.*
_____



| | |
|---|---|
| Appearing for Appellants: | Erin Mersino, Thomas More Law Center (George W. Wright, George W. Wright & Associates LLC, *on the brief*) Ann Arbor, MI. |
| Appearing for Appellees: | Eliza M. Scheibel, Wilson Elser Moskowitz Edelman & Dicker LLP (Peter A. Meisels, Lalit K. Loomba, *on the brief*), White Plains, NY. |

Appeal from the United States District Court for the Southern District of New York (Siebel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the opinion and order of said District Court be and it hereby is **AFFIRMED**.

United Veterans Memorial and Patriotic Association of the City of New Rochelle and Peter Parente (collectively, "United Veterans") appeals from the December 22, 2014 opinion and order of the United States District Court for the Southern District of New York (Seibel, *J.*) granting defendants' motion to dismiss the second amended complaint. *United Veterans Mem. and Patriotic Ass'n of the City of New Rochelle v. City of New Rochelle*, 72 F. Supp. 3d 468 (S.D.N.Y. 2014). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The Supreme Court decided *Walker v. Texas Division, Sons of Confederate Veterans, Inc.*, 135 S. Ct. 2239 (2015) after the district court issued its decision. *Walker* concluded that a specialty license plate program operated by the Texas Department of Motor Vehicles constituted government speech. The *Walker* Court primarily applied a three-factor test: (1) the history of the speech at issue; (2) a reasonable observer's perception of the speaker; and (3) control. 135 S. Ct. at 2248–50. The Court concluded that (1) license plates "long have communicated messages from the States;" (2) license plates "are often closely associated in the public mind with the State," such that reasonable observers "interpret them as conveying some message on the [State's] behalf;" and (3) Texas has "effectively controlled" the content of the license plates by virtue of exercising final approval authority. *Id.* (internal citations and alterations omitted).

Both parties to this appeal submitted briefing on the impact of *Walker*. We now affirm, primarily for the reasons set forth in the district court's well-reasoned opinion. As alleged by United Veterans in the operative complaint, New York State conveyed the Armory to the City of New Rochelle (the "City") by a deed that requires that the property remain open for public use "for park, recreation, street and highway purposes." App'x at 23 ¶¶ 26–27. The complaint also alleges that the City "generally granted United Veterans and its predecessor organizations the right to display and maintain flags" on the flagpole located on the grounds of the Armory, which are open and accessible to the general public. App'x at 23 ¶¶ 28, 30. We agree with the district court that, based on the pleadings in the complaint, the flagpole was owned and controlled by the

2

City, and the flags displayed on the flagpole constituted government speech. Moreover, the flagpole was located in a public space used for park and recreation purposes, and a reasonable observer would think the flags were presenting a message from the City. The City was well within its rights to delegate to United Veterans the right to display and maintain flags on the City-owned flagpole without creating a public forum of any sort, or relinquishing control of the flags displayed. *See Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 486 (2009). We find nothing in *Walker* that requires revisiting the rationale underlying the district court opinion.

We have considered United Veterans' remaining arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit